# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:11-cr-00107-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ROBERT LYLE HITT. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Reconsider Defendant's Motion to File Late Notice of Appeal" [Doc. 64].

The Defendant moves for reconsideration of the Court's Order denying his Motion to File Late Notice of Appeal. [Doc. 63]. In his motion, the Defendant asserts that he repeatedly directed his counsel to file an appeal but that counsel failed to do so.

It appears that the Defendant may be intending to bring an action pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his conviction and sentence based on the ineffective assistance of counsel. See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985); United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). The Court will thus provide the Defendant with notice, pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intends to

recharacterize this motion as an attempt to file a motion pursuant to 28 U.S.C. § 2255. The Defendant shall be provided an opportunity to advise the Court whether he agrees or disagrees with this recharacterization of the motion.

Before making this decision, the Defendant should consider that if the Court construes this motion as one brought pursuant to § 2255, it will be his first § 2255 petition, which will mean that before he can thereafter file a second or successive § 2255 petition, the Defendant must receive certification from the United States Court of Appeals for the Fourth Circuit. Moreover, in determining whether the Defendant agrees or disagrees with this recharacterization, he should consider that the law imposes a one-year statute of limitations on the right to bring a motion pursuant to § 2255. This one-year period begins to run at the latest of:

1. the date on which the judgment of conviction became final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Defendant may respond on or before 30 days from service of this Order. If the Defendant timely responds to this Order and does not agree to have the motion recharacterized as one under § 2255, he may withdraw his motion.

If it is not withdrawn, and the Defendant does not agree to have the motion recharacterized as one under § 2255, the Court will construe his motion simply as a motion for reconsideration of the Court's prior Order.

If the Defendant fails to respond to this Order or agrees to have the motion recharacterized as one pursuant to § 2255, the Court will consider the motion pursuant to § 2255 and shall consider it filed as of the date the original motion was filed.

If the Defendant agrees to have the motion considered as one filed pursuant to § 2255, the Court will, upon motion of the Defendant, allow additional time for the filing of an amendment to the motion, to the extent that such an amendment would be permitted by law.

**IT IS, THEREFORE, ORDERED** that the Defendant may comply with the provisions of this Order by written filing on or before thirty (30) days from service of this Order.

**IT IS SO ORDERED**.

Signed: May 15, 2014

Martin Reidinger
United States District Judge