**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:14-cv-00187-MR
[CRIMINAL CASE NO. 1:11-cr-00107-MR-1]**

| | |
|---|---|
| ROBERT LYLE HITT, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on consideration on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 [Doc. 1] and the Government's Motion for Leave to File Out of Time [Doc. 4].

## I. BACKGROUND

On December 6, 2011, the Petitioner and another individual were indicted by a Grand Jury in this District for possession with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (Count One), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count

Three). [Criminal Case No. 1:11-cr-00107-MR-1, Doc. 11: Indictment].[1] On February 22, 2012, Petitioner entered a plea of guilty to Count One pursuant to a written plea agreement. [Id., Doc. 30: Plea Agreement; Doc. 34: Acceptance and Entry of Guilty Plea]. In accordance with the plea agreement, Petitioner waived his rights to appeal and/or to seek post-conviction relief except for claims based on ineffective assistance of counsel and prosecutorial misconduct. [Id., Doc. 30: Plea Agreement at ¶¶18-19]. Before accepting Petitioner's guilty pleas, Magistrate Judge Howell conducted a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. During that hearing, Judge Howell engaged Petitioner in a lengthy colloquy to ensure that his plea was being tendered knowingly and voluntarily. After carefully considering Petitioner's responses, Judge Howell determined that Petitioner's guilty plea was offered freely and intelligently and therefore accepted his plea. [Id., Doc. 34: Acceptance and Entry of Guilty Plea].

A probation officer prepared a presentence report (PSR) in preparation for Petitioner's sentencing. In the PSR, the probation officer recommended that the Court find that his total offense level was 33, his criminal history category was II, and his resulting Guidelines range of

---

[1] The other individual was also charged in Count Two of the Bill of Indictment with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g).

imprisonment was 151 to 188 months' imprisonment. [Id., Doc. 42: PSR at 6, 7, 9].

On March 20, 2013, Petitioner appeared with counsel for his sentencing hearing. The Court sentenced Petitioner to a term of 144 months' imprisonment to be followed by four years of supervised release. Judgment was entered on April 3, 2013. [Id., Doc. 53: Judgment].

On or about December 16, 2013, Petitioner filed a "Motion to File Late Notice of Appeal." [Id., Doc. 62: Motion]. In his motion, Petitioner argued that he had instructed his trial counsel to file a notice of appeal "[a]fter sentencing and on several subsequent occasions" but that his counsel failed to do so. [Id. at ¶¶ 3-4].

On January 16, 2014, the Court denied Petitioner's motion as untimely. [Id., Doc. 63: Order]. On or about February 10, 2014, Petitioner filed a motion for reconsideration contending, among other things, that he should be entitled to equitable tolling of the statute of limitations because his attorney failed to file a direct appeal despite Petitioner's repeated requests. [Id., Doc. 64 at ¶¶ 5-6]. The Court denied the motion for reconsideration but provided Petitioner with thirty days, pursuant to Castro v. United States, 540 U.S. 375 (2003), to inform the Court whether he consented to have his motion recharacterized as a motion to vacate

pursuant to 28 U.S.C. § 2255. [Id., Doc. 66]. Petitioner agreed to the recharacterization of his motion, and the Court proceeded to conduct an initial review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. After conducting the initial review, the Court ordered the Government to file a response within 60 days. [Doc. 2: Order]. On September 30, 2014, the Government filed its Response, along with a motion for leave to file its response one day out of time. [Docs. 3, 4].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In its Response to Petitioner's motion, the Government concedes that Petitioner's claim of ineffective assistance of counsel, which is based on counsel's alleged failure to file a direct appeal after being instructed to do

so, warrants the granting of his motion, at least in part. [Doc. 3: Government's Response at 3-4]. The Government further concedes that the appropriate remedy in this case is to vacate Petitioner's judgment, enter an amended judgment so that he may file a direct appeal, and dismiss Petitioner's remaining claims without prejudice. [Id. at 6].

Where a defendant unequivocally instructs an attorney to file a timely notice of appeal, the attorney's failure to file the appeal is ineffective assistance of counsel *per se*, and prejudice to the defendant is presumed regardless of the merits of the appeal or any waiver of appellate rights. See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985); United States v. Poindexter, 992 F.2d 39, 42 (4th Cir. 1993).

In this case, Petitioner states that counsel failed to "timely file a Notice of Appeal as requested by the petitioner" and that "counsel abandoned [Petitioner] by not informing him that a Notice of Appeal would not be taken." [Doc. 1-1 at 3]. Petitioner, therefore, maintains that counsel's "deficiency actually caused prejudice." [Id.]. In his motion, Petitioner proffers no evidence to demonstrate that counsel ignored his request to file a notice of appeal or that counsel breached his duty to consult with him about an appeal. Likewise, he does not aver that he "unequivocally" requested that counsel file an appeal on his behalf.

Nevertheless, even if the Government were to file an answer or other response supported by affidavit of counsel denying Petitioner's allegations, the Court would be compelled to give Petitioner the benefit of the doubt in this matter.

Consequently, the Government concedes, and the Court concludes, that the appropriate remedy in this matter is to vacate the original judgment and enter a new judgment only for the purpose of allowing Petitioner to pursue a direct appeal of his conviction and/or sentence in his underlying criminal case. Additionally, Petitioner's remaining claims shall be dismissed without prejudice to his right to file another § 2255 motion, if necessary, after direct appeal.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion [Doc. 1] is **GRANTED IN PART** for the reasons stated. The Clerk is directed to prepare an Amended Judgment with the same terms and conditions as Petitioner's Judgment filed on April 3, 2013, and submit it to the Court for consideration. Petitioner shall have fourteen (14) days from the entry of the Amended Judgment to file a Notice of Appeal in order to appeal to the Fourth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that Petitioner's remaining grounds for relief regarding the trial court's assessment of criminal history points and counsel's failure to object to that assessment are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Government's Motion for Leave to File Out of Time [Doc. 4] is **GRANTED**, and the Government's Response [Doc. 3] is **ACCEPTED**.

**IT IS SO ORDERED.**

Signed: October 29, 2014

Martin Reidinger
United States District Judge