# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00341-MR
# [Criminal Case No. 1:11-cr-00107-MR-DLH-1]

| | |
|---|---|
| ROBERT LYLE HITT, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss [CV Doc. 4].

## BACKGROUND

In December 2011, Petitioner Robert Lyle Hitt was charged in a Bill of Indictment with knowingly and intentionally possessing with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count One), and knowingly possessing firearms in furtherance of a drug-trafficking

---

[1] Because this Memorandum and Order must reference documents contained on the docket in both Petitioner's civil case and in his criminal case, the Court will cite to documents from Petitioner's civil case with the prefix "CV" and from his criminal case with the prefix "CR."

crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). [CR Doc. 11: Indictment]. Petitioner agreed to plead guilty to Count One, in exchange for the Government dismissing Count Three. [See CR Doc. 30 at ¶¶ 1-2: Plea Agrmt.]. As part of the plea agreement, Petitioner also agreed to waive the right to contest his conviction or sentence on direct appeal or in any post-conviction proceeding, except as to claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at ¶¶ 18-19; CR Doc. 85 at 17-18: Plea Tr.]. At the plea hearing, Petitioner affirmed that he understood and agreed with the terms of his plea agreement, including the appellate and post-conviction waivers, and he stated that his plea was voluntary and not the result of any outside promises or threats. [CR Doc. 85 at 13-18].

A probation officer prepared a presentence report (PSR), recommending that Petitioner be sentenced at a total offense level of 33 and a criminal history category of II. [CR Doc. 40 at ¶¶ 24, 28: PSR]. Petitioner had two criminal history points stemming from a 2005 Alabama state conviction for second-degree possession of marijuana. [Id. at ¶ 27]. Based on the recommended offense level and Petitioner's criminal history, Petitioner's advisory guidelines range was 151 to 188 months of imprisonment. [Id. at ¶ 41].

Petitioner objected to the PSR, arguing that he should only have

received one point for his prior conviction, as he was sentenced as a youthful offender and did not serve any jail time. [CR Doc. 41 at 1-2: Objection to PSR]. The Government filed a sentencing memorandum, asserting that Petitioner's youthful offender conviction was appropriately awarded two criminal history points. [CR Doc. 52]. At sentencing, Petitioner provided the complaint for and a case action summary of his prior conviction, again asserting that he had not served any jail time for this offense. [CR Doc. 83 at 10-11: Sent. Tr.]. This Court found that the documents stated that Petitioner was sentenced to sixty days in jail, but did not indicate that this sentence was suspended. [Id. at 12]. Accordingly, the Court overruled Petitioner's objection and adopted the PSR, but stated that it would consider the issue when examining the 18 U.S.C. § 3553 factors and sentencing him. [Id. at 18-20]. The Court then varied downward and sentenced Petitioner to 144 months of imprisonment, noting that the Court had essentially sentenced Petitioner as if he had no criminal history.[2] [Id. at 35-36].

Petitioner did not file a timely notice of appeal. Instead, he filed a § 2255 motion arguing that his attorney had provided ineffective assistance by not filing a timely notice of appeal and challenging his criminal history score

---

[2] The guidelines range for offense level 33 and criminal history category I was 135-168 months of imprisonment.

3

under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). [CR Doc. 70]. This Court granted the § 2255 motion to the extent that the Court entered an amended judgment to allow Petitioner to file a timely notice of appeal, and the Court dismissed Petitioner's remaining claims without prejudice. [CR Doc. 71 at 6-7].

After this Court granted Petitioner an extension of time to file his notice of appeal, Petitioner appealed to the Fourth Circuit, arguing that this Court had erred in holding that his prior conviction supported a criminal history category of II and that he should be allowed to raise this issue despite the appellate waiver in his plea agreement. See United States v. Hitt, No. 15-4283, Doc. 16 (4th Cir.). The Government moved to dismiss Petitioner's appeal based on the waiver in his plea agreement. Id. at Doc. 23. In October 2015, the Fourth Circuit dismissed the appeal, holding that "the issue [Petitioner] seeks to raise on appeal falls squarely within the compass of his waiver of appellate rights." [CR Doc. 90 at 1].

In November 2015, this Court granted Petitioner's motion to reduce his sentence pursuant to Sentencing Guidelines Amendment 782 and reduced his sentence to 121 months of imprisonment. [CR Doc. 92]. Petitioner then timely filed the pending motion to vacate in this Court.[3] [CV Doc. 1]. As his

---

[3] In October 2016, before filing this action, Petitioner filed a motion with the Fourth Circuit

4

sole claim, Petitioner contends that this Court incorrectly calculated his criminal history score. On January 6, 2017, the Government filed a Response and accompanying motion to dismiss, and on January 23, 2017, Petitioner filed a pro se Reply. [CV Docs. 4, 5].

## STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

As his sole claim in his motion to vacate, Petitioner contends that this Court incorrectly calculated his criminal history score. Specifically, Petitioner contends that this Court erroneously assigned Petitioner a criminal history

---

seeking authorization to file a successive § 2255 motion. [CR Doc. 97]. The Fourth Circuit denied the motion. Although the Fourth Circuit did not state the reason for its denial, Petitioner's first § 2255 motion was granted to reinstate his right to a direct appeal. Accordingly, he was not required to obtain authorization to file the present § 2255 motion because it is not successive. See In re Goddard, 170 F.3d 435, 437-38 (4th Cir. 1999).

category of II, rather than I. As Petitioner argued at sentencing and on direct appeal, Petitioner argues here that he should only have received one criminal history point, rather than two, for his 2005 Alabama state conviction for second-degree possession of marijuana, as he was sentenced as a youthful offender and did not serve any jail time.

Petitioner's motion will be denied for several reasons. First, Petitioner waived the right to challenge his sentence as part of his plea agreement. [CR Doc. 30 at ¶¶ 18-19; CR Doc. 85 at 17-18]. A knowing and voluntary waiver of the right to pursue post-conviction relief is enforceable. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Although Petitioner preserved the right to pursue claims of ineffective assistance of counsel or prosecutorial misconduct, he does not allege that either of those exceptions applies here. Nor does Petitioner allege that the waiver of his right to pursue post-conviction relief was involuntary. Any such allegation would be frivolous because it would contradict Petitioner's testimony at the plea hearing, as well as the Fourth Circuit's determination on direct appeal, that his waiver was knowingly and voluntarily made. [See CR Doc. 90]. Accordingly, Petitioner's § 2255 motion is dismissed because it is barred by the waiver in his plea agreement.

Next, Petitioner's motion is also subject to dismissal because he

previously raised this issue on direct appeal.  A § 2255 motion is not a substitute for a direct appeal and may not be used to circumvent issues raised on direct appeal.  See United States v. Linder, 552 F.3d 391, 397 (4th Cir. 2009); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (claims considered on direct review may not be recast "under the guise of collateral attack").  This is true even where an issue is raised on direct appeal, but the appeal is dismissed as barred by the waiver-of-appeal provision in the defendant's plea agreement.  See Linder, 537 F.3d at 392, 396-97 (holding that § 2255 relief was unavailable to a petitioner who had raised the same issue on direct appeal and whose appeal had been dismissed as barred by the waiver in his plea agreement).  Here, Petitioner challenged the calculation of his criminal history score on direct appeal, and the Fourth Circuit dismissed his appeal as barred by the waiver in his plea agreement.  Accordingly, he may not re-litigate the calculation of his criminal history score on collateral review.  Id.

Finally, Petitioner's motion to vacate is also subject to dismissal because his challenge to his criminal history score is not cognizable on collateral review.  Section 2255 provides relief for constitutional and jurisdictional errors.  It does not provide relief for non-constitutional errors of federal law, unless the error involves "'a fundamental defect which inherently

7

results in a complete miscarriage of justice.'" See United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999) (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)). "Barring extraordinary circumstances, . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999).

Petitioner has not shown the existence of extraordinary circumstances. He has not shown that this Court erred in its sentencing determination. Moreover, he cannot show any miscarriage of justice, particularly where this Court varied downward to sentence him as if his challenge to his criminal history score had been sustained. [See CR Doc. 83 at 35-36]. Accordingly, Petitioner's challenge to his criminal history score is dismissed because it is not cognizable under § 2255. See Shippy v. United States, 112 F. Supp. 3d 355, 364-65 (W.D.N.C.) (holding challenge to criminal history points was not cognizable under § 2255), appeal dismissed, 613 F. App'x 272 (4th Cir. 2015).

## CONCLUSION

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief, and the Court will therefore dismiss the motion to vacate. To this extent, the Court grants the Government's motion to dismiss.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [CV Doc. 4] is **GRANTED**, and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [CV Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: January 30, 2017

Martin Reidinger
United States District Judge