THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:11-cr-00107-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ROBERT LYLE HITT, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's "Motion for Sentence Reduction Pursuant to the First Step Act" [Doc. 100].

In December 2011, the Defendant was charged in a Bill of Indictment with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and possession of firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). [Doc. 11: Indictment]. The Defendant pled guilty to the drug possession charge pursuant to a written plea agreement, and the § 924(c) charge was dismissed. [See Doc. 30 at ¶¶ 1-2: Plea Agmt.]. The Defendant was sentenced to a term of 144 months' imprisonment. [Doc. 53]. His sentence

was subsequently reduced pursuant to Sentencing Guidelines Amendment 782 to a term of 121 months' imprisonment. [Doc. 92].

The Defendant now seeks relief pursuant to Section 403 of the First Step Act of 2018. [Doc. 100]. Section 403 of the First Step Act amended the language of 18 U.S.C. § 924(c)(1)(C) by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final." First Step Act of 2018 § 403(a), Pub. L. 115-391, 132 Stat. 5194, 5221-22 (2018). In essence, this amendment eliminates the "stacking" of multiple § 924(c) charges in the same indictment to qualify for the 25-year mandatory minimum for a second or subsequent conviction under § 924(c)(1)(C)(i).

The Defendant, however, was not convicted under § 924(c). The § 924(c) charge stated in the Bill of Indictment was dismissed. Accordingly, the Defendant is not entitled to relief under Section 403 of the First Step Act.[1]

---

[1] In any event, however, Section 403 does not apply retroactively. See First Step Act of 2018 § 403(b), 132 Stat. 5222 ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.").

The Defendant also attempts to assert a claim under <u>United States v. Davis</u>, __ S. Ct. __, 2019 WL 2570623 (June 24, 2019), in which the residual clause of the definition of "violent felony" set forth in § 924(c)(3)(B) was held to be unconstitutionally vague. Because the Defendant was not convicted of a § 924(c) offense, <u>Davis</u> has no applicability to him.

For all these reasons, the Defendant's motion for a reduction in sentence is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Sentence Reduction Pursuant to the First Step Act" [Doc. 100] is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 1, 2019

Martin Reidinger
United States District Judge