# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:11-cr-00107-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ROBERT LYLE HITT, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion Requesting a Judicial Recommendation Concerning Home Confinement Pursuant to the First Step Act" [Doc. 102].

The Defendant moves pursuant to the First Step Act of 2018 for the Court to make a recommendation to the Bureau of Prisons that the Defendant be provided with the maximum amount of time in home confinement. [Doc. 571]. The Defendant's motion presumably rests on Section 602 of the First Step Act, which amended 18 U.S.C. § 3624(c)(2) to read as follows:

> (2) Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner

> or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c). "The language of the statute does not mandate that all those in BOP custody be placed on home confinement for the final six months of their imprisonment; instead, it merely allows the BOP to exercise such an option for prisoners 'with lower risk levels and lower needs.'" United States v. Lowe, No. 1:15CR11-1, 2019 WL 3858603, at *2 (M.D.N.C. Aug. 16, 2019) (citing 18 U.S.C. § 3624(c)).

The discretion to release a prisoner to home confinement lies solely with the Attorney General. As such, this Court lacks the authority to order the Defendant's release to home confinement. Deffenbaugh v. Sullivan, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019); United States v. Curry, No. 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief.") (emphasis in original). Moreover, the BOP is in a superior position to evaluate the Defendant's arguments and to determine the extent, if any, that home

confinement would be appropriate. See United States v. Smith, No. 6:15-cr-00006-001, 2019 WL 4016211, at *3 (W.D. Va. Aug. 26, 2019) ("The BOP has far more information about how Defendant has done and is doing, and how [he] will likely do in the future, than this Court does."). Accordingly, the Court declines to issue the recommendation the Defendant seeks under the circumstances of this case.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion Requesting a Judicial Recommendation Concerning Home Confinement Pursuant to the First Step Act" [Doc. 102] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 9, 2019

Martin Reidinger
United States District Judge